IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROLINE CROLAND,<br><br>    Plaintiff,<br><br>vs.<br><br>STEPHENSON CAMILLE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.:<br>)  1:15-CV-03303-RWS<br>)<br>)<br>)<br>) |

**NON-PARTY CITY OF ATLANTA'S MOTION TO QUASH SUBPOENA**

    Comes now the City of Atlanta ("City"), a non-party to the above-styled matter, and files this Motion to Quash the Subpoena issued to the City pursuant to Federal Rule of Civil Procedure 45(d)(3). For the reasons stated below, the City asks that this Subpoena, which is attached hereto as Exhibit A, be quashed and that the City be relieved of any obligation to respond to the same.

**ARGUMENTS AND CITATIONS TO AUTHORITY**

**A. Ms. Croland's Subpoena fails to allow reasonable time to comply**

    The power to quash a subpoena lies with the court for the district where

1

compliance is required.[1] Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure provides that a Court **must** quash a subpoena if: "(i) it fails to allow a reasonable time for compliance; …or (iv) subjects a person to undue burden."[2]

The City moves to quash the Subpoena issued on February 13, 2020 as it does not afford the City sufficient time to research its records and prepare a witness to respond to the same prior to the date of appearance. The subpoena at issue was not served upon the City of Atlanta until February 13, 2020. Such late service only provides the City with two business days to determine if it has records and information responsive to the topics and prepare a witness to testify prior to the appearance date, specifically with respect to topics 2, 3, and 6. The subpoena asks the City for *eight years* of information that spans across two separate Mayoral and City Council administrations. To fully comply with the subpoena, the City will need to prepare witnesses to testify to *eight years* of information. The City cannot complete such an arduous task with any accuracy in two business days.

For example, in order to prepare for and testify to topics 2, 3, and 6 the City will need to review documents currently stored in its offsite storage facility. It takes 48 hours (two full days) to simply retrieve the files from the offsite storage facility.

---

[1] *See* Fed. R. Civ. P. 45(d)(3)(A).
[2] Fed. R. Civ. P. 45(d)(3)(A)(i) and (iv) (emphasis added).

By the time the documents arrived at City Hall, the time to appear will be upon us, without sparing any time to review the records and prepare a witness.

Plaintiff in this matter placed "Representative of the City of Atlanta" on their witness list as early as September 27, 2019. (Doc. 129 at 44). Despite knowing that they wanted to call a "Representative of the City of Atlanta" more than four-months ago, Plaintiff waited until two business days before the trial to send a subpoena containing the details that they expected a "Representative of the City of Atlanta" to be able to competently testify to. Given the lateness of the Subpoena coupled with the vast depth and breadth of the subpoena, the City states that the subpoena fails to allow reasonable time to comply and must be quashed.

**B.    The Subpoena is unreasonably burdensome.**

The City also moves to quash this subpoena as it is unreasonably burdensome. The Subpoena asks for a witness to be prepared to testify to eight years of information. As this is not information that the City maintains in the normal course of business it will require weeks to pour through individual claims and cases in order to gather the information necessary for a person or persons to testify to the topics in this subpoena.

Federal Rule of Civil Procedure 45(d)(3)(A)(iv) requires that a subpoena be quashed if it "subjects a person to undue burden." "The factors required to be

balanced by the trial court in determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need, **and the potential hardship to the party subject to the subpoena**."[3]

The time and resources necessary to comply with the subpoena are tremendous. But, when the time and resources needed are compared to the minute possibility that this evidence will be admissible at trial, it is untenable. As this topic was thoroughly covered in Motions in Limine and the Pre-Trial Conference and it was agreed that this information was excluded from trial unless Officer Camille pleads poverty, which he has been precluded from doing in the Court's Order on the Motions in Limine, the likelihood that this information would be presented at trial is slim at best. Given the unduly burdensome nature of the Subpoena, the City asks that the Subpoena be quashed.

### C. Topics 1 and 5 are protected by the Attorney-Client Privilege and Legislative Immunity respectively.

Topic 1 of the Subpoena asks for policy and practice information for decisions that are made by the legislative branch of the City of Atlanta and are protected by legislative immunity. Legislative immunity, which has its roots in the Speech and

---

[3] *Sams v. GA W. Gate, LLC*, 316 F.R.D. 693, 697 (N.D. Ga. 2016) (emphasis added).

Debate clause, is both an evidentiary and testimonial privilege, as well as protection from civil suit.[4] The purpose of the doctrine is to prevent legislators from having to testify regarding matters of legislative conduct, whether or not they are testifying to defend themselves.[5] As far back as 1893, Georgia Courts have provided protection to law makers from having to reveal or testify regarding their motives or opinions regarding legislation enacted.[6] For this reason, Topic 1 should be quashed.

Topic 5 asks for information concerning the decision to "undertake to defend civil actions brought against any officer or employee" and also asks for the information specifically related to the City's decision to undertake the defense of Officer Camille. This information is protected by the attorney-client privilege. As such, it should be quashed.

**D. Topic 7 does not require a City Representative to testify**

Topic seven asks for information regarding actions completed by Officer Camille. A Representative of the City of Atlanta is not needed to testify about actions that Officer Camille has done. As Officer Camille is a named party and will be present at the trial, he is available to testify to his own actions without burdening the City of Atlanta.

---

[4] *See Small v. Hunt,* 152 F.R.D. 509 (1994).
[5] *See Schlitz v. Virginia,* 854 F.2d 43, 46 (4th Cir. 1988).
[6] *See Stewart v. Atlanta Beef Co.,* 93 Ga. 12, 18 S.E. 981 (1893).

Case 1:15-cv-03303-RWS   Document 161   Filed 02/14/20   Page 6 of 8

## **CONCLUSION**

For the reasons stated above, the City asks that the Subpoena served on the City on February 13, 2020 be quashed.

This 14th day of February, 2020.

By: */s/ Alisha I. Wyatt-Bullman*
**ALISHA I. WYATT-BULLMAN**
Supervisory Senior Attorney
Georgia Bar No. 189850
aiwyattbullman@atlantaga.gov
(404) 546-4125 *direct*

**STACI J. MILLER**
Assistant City Attorney
Georgia Bar No. 601594
sjmiller@atlantaga.gov
(404) 546-4083 *direct*

**JOSHUA S. FOSTER**
Assistant City Attorney
Georgia Bar No. 169165
josfoster@atlantaga.gov
(404) 546-4086 *direct*

*Attorneys for Defendant*

**City of Atlanta Law Department**
55 Trinity Avenue SW Suite 5000
Atlanta, GA 30303-3520
(404) 546-4100 *main*

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROLINE CROLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: |
| ) | 1:15-CV-03303-RWS |
| STEPHENSON CAMILLE, ) | |
| ) | |
| Defendant. ) | |

## **CERTIFICATION**

Counsel for Defendant certifies that this NON-PARTY CITY OF ATLANTA'S MOTION TO QUASH SUBPOENA has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1.

Respectfully submitted this 14th day of February, 2020.

By: */s/ Alisha I. Wyatt-Bullman*
**ALISHA I. WYATT-BULLMAN**
Supervisory Senior Attorney
Georgia Bar No. 189850
aiwyattbullman@atlantaga.gov
(404) 546-4125 *direct*

**City of Atlanta Law Department**
55 Trinity Avenue SW Suite 5000
Atlanta, GA 30303-3520
(404) 546-4100 *main*

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROLINE CROLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: |
| ) | 1:15-CV-03303-RWS |
| STEPHENSON CAMILLE, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing NON-PARTY CITY OF ATLANTA'S MOTION TO QUASH SUBPOENA with the Clerk of Court using the CM/ECF Electronic Filing System upon counsel of record.

Respectfully submitted this 14th day of February, 2020.

By: /s/ Alisha I. Wyatt-Bullman
**ALISHA I. WYATT-BULLMAN**
Supervisory Senior Attorney
Georgia Bar No. 189850
aiwyattbullman@atlantaga.gov
(404) 546-4125 *direct*

**City of Atlanta Law Department**
55 Trinity Avenue SW Suite 5000
Atlanta, GA 30303-3520
(404) 546-4100 *main*