# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CAROLINE CROLAND,<br><br>Plaintiff,<br><br>v.<br><br>STEPHENSON CAMILLE,<br><br>Defendant. | Civil Action No.<br><br>1:15-CV-3303-RWS |

## ORDER

This case comes before the Court on Defendant's Bill of Costs [182] filed on March 25, 2020.  In response, Plaintiff filed a Motion for Judicial Review of Costs [187], to which Defendant filed a response [188], and Plaintiff filed a reply [189]. Having reviewed the submissions of the parties, the Court enters the following Order.

Federal Rule of Civil Procedure ("Rule") 54(d) allows for awarding of costs to the prevailing party.  The costs that may be taxed against the non-prevailing party are defined in 28 U.S.C. § 1920 as follows:

(1) Fees of the clerk and the marshal;
(2) Fees of the court reporter for all and any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

    (5) Docket fees under Section 1923 of this Title;

    (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this Title.

28 U.S.C. § 1920.

Plaintiff urges the Court to exercise its discretion to deny all costs to Defendant because Plaintiff "brought a good-faith claim to vindicate important constitutional rights." (Pl.'s Reply Br. [189] at 14). The Court acknowledges it has discretion to grant such a request. Bishop v. W. Am. Ins. Co., 95 F.R.D. 494, 496 n. 1 (N.D. Ga. 1982). However, taking into account all of the circumstances of this case, the Court concludes that Defendant should be awarded reasonable costs as the prevailing party.

Defendant originally sought $545.00 for fees for service of subpoenas on Robert Hannah, Plaintiff Caroline Croland, and Marlon Kautz. After Plaintiff objected, Defendant reduced his request to $325.00. A prevailing party is generally entitled to recover the cost of service of subpoenas by a private process server at the rate charged by the United States Marshals Service.  Barker v. Emory Univ., No. 1:02-CV-2450-CC, 2007 WL 9698026, at *9 (N.D. Ga. Sept. 27, 2007).

Defendant now seeks $65.00 for service of a subpoena on Plaintiff. Defendant is not entitled to recover this cost. Counsel for Plaintiff accepted service

of the subpoena by email, making service by a process server unnecessary. Moreover, Plaintiff was listed as a "will call" witness in the Pretrial Order. (Pretrial Order [129], Att. F-1, p. 44). Defendant was entitled to rely on the representation that Plaintiff would be present at trial. The expense of serving the subpoena was not a reasonable expense.

Defendant seeks $195.00 for three unsuccessful attempts ($65 per attempt) to serve a subpoena on Marlon Kautz. Plaintiff asserts that Defendant should not recover any fees because Kautz was never actually served. Had service been attempted by the Marshals Service, fees would have to be paid even if service were not accomplished. 28 C.F.R. § 0.114(f). Therefore, Defendant should be able to recover costs in like circumstances. However, because Defendant failed to provide information sufficient to allow the Court to determine if fees in excess of one hour are appropriate, the Court limits the recovery to $65.00, the fee for one hour of service by the Marshals Service. Barker, 2007 WL 9698026, at *9.

Finally, Defendant seeks $65.00 for fees for serving a subpoena on Robert Hannah. Plaintiff objects to the subpoena as unnecessary. Plaintiff asserts that Mr. Hannah served as a City of Atlanta park ambassador, and yet, counsel for Defendant never requested that he appear voluntarily or voluntarily accept a

subpoena without formal service. Defendant does not refute this assertion. Defendant has failed to show this was a necessary cost.

Defendant seeks costs associated with his interlocutory appeal, including the filing fee and printing costs. While Defendant prevailed on the issue of official immunity as to Plaintiff's state law claims, he was unsuccessful on the issue of qualified immunity on the federal law claims. Each of these issues was a significant issue in the case. Accordingly, the Court finds that neither party was **the** prevailing party on appeal. Also, costs on appeal are governed by Federal Rule of Appellate Procedure 39(d)(1) requiring a party to file a request for costs with the Court of Appeals within 14 days of judgment. Defendant failed to file such a request and is not entitled to the costs associated with the appeal.

Other costs that were challenged by Plaintiff were omitted by Defendant in his Amended Bill of Costs [188-1]. The Court will treat those requests by Defendant as having been withdrawn.

Based on the foregoing, Plaintiff's motion [187] is granted, and her objections are sustained, in part. The taxation of costs [184] entered April 14, 2020 is hereby **VACATED.** Costs are taxed against Plaintiff in the sum of $65.00.

**SO ORDERED** this 1st day of July, 2020.

_____
**RICHARD W. STORY**
United States District Judge